2016 ME 124

**Sandra BASTILLE**

v.

**MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM.**

**Docket No. Yor–15–432.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 26, 2016.
Decided: Aug. 9, 2016.

Brian D. Condon, Esq., Law Office of Brian D. Condon, Winthrop, for appellant Sandra Bastille.

Janet T. Mills, Attorney General, and Christopher L. Mann, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Maine Public Employees Retirement System.

Panel: SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

PER CURIAM.

[¶ 1] Sandra Bastille appeals from a judgment entered in the Superior Court (York County, *O'Neil, J.*) dismissing as untimely filed her petition for review of a decision of the Board of Trustees of the Maine Public Employees Retirement System affirming an administrative determination that Bastille was ineligible for disability retirement benefits, and from the court's subsequent denial of her motion for reconsideration. Discerning no error, we affirm the court's final judgment.

[¶ 2] The Board sent its January 23, 2014, decision[1] via certified mail to legal counsel who had represented Bastille during oral argument before the Board. The decision was mailed to the address counsel had provided—a post office box in Winthrop. The mail was returned as unclaimed after three delivery attempts made on January 25, February 5, and February 11, 2014, and was then successfully faxed on February 26, 2014, and also delivered by certified mail to counsel's physical address on March 7, 2014.

[¶ 3] Twenty days later, Bastille filed an incomplete petition for review of final agency action in the Superior Court. The clerk of court sent a notice of incomplete filing to counsel's office on April 1, 2014, stating that the petition had not been docketed and that the filing deadline had not changed. *See* M.R. Civ. P. 5(f). The complete petition was not filed until April 15, 2014.

[¶ 4] Bastille's petition was required to be filed within thirty days after she received notice of the decision, *see* 5 M.R.S. §§ 11002(3), 17451(2) (2015); M.R. Civ. P. 80C(b). Assuming, without deciding, that the thirty days began to run, at the latest, on March 7, 2014, when her counsel received the decision by certified mail at his office, the complete petition was required to be filed on or before April 7. *See* M.R. Civ. P. 6(a). She did not file a complete petition until April 15, 2014—thirty-nine days after her attorney received notice of the decision by certified mail and eighty days after the first attempted delivery of the certified mail to the address provided by counsel. The court did not err in dismissing the petition as untimely filed or in denying the motion for reconsideration. *See* M.R. Civ. P. 7(b)(5), 59(e).

---

1. Although Bastille filed a motion for reconsideration with the Board, the applicable agency rules do not authorize such a motion, and therefore the January 23, 2014, decision of the Board was final. *See* 12 C.M.R. 94 411 702–1 to –7 (2014) (incorporating adopted rule number 2013–296, which eliminated the authorization of motions for reconsideration of Board decisions effective December 10, 2013, as summarized in the Weekly Notices of State Rule–Making published by the Bureau of Corporations, Elections and Commissions on December 11, 2013).